IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00735-WYD-MJW

JESUS BORREGO,

    Plaintiff,

v.

LIEUTENANT MATHEWS;
SARGENT ADRADE; and
CORRECTIONAL OFFICER K. PETTIT,

    Defendants.

**ORDER AFFIRMING AND ADOPTING UNITED STATES MAGISTRATE JUDGE RECOMMENDATION**

THIS MATTER is before the Court on Defendants' Motion for a More Definite Statement or to Dismiss (docket #32), attached to which is an affidavit of Anthony DeCesaro. Due to the exhibits attached to the Defendants' motion and reply in accordance with Fed. R. Civ. P. 12(d), Magistrate Judge Watanabe converted this motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 56. This motion was referred to Magistrate Judge Watanabe for a recommendation by Order of Reference dated June13, 2008. A Recommendation of United States Magistrate Judge was issued on February 27, 2009, and is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Watanabe recommends therein that Defendant's Motion for a More Definite Statement should be denied and that Defendants' Motion to Dismiss

-1-

which has been converted to a motion for summary judgment be granted.  Magistrate Judge Watanatbe advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation.  Recommendation at 16-17.  Despite this advisement, no objections were filed by any party to the Magistrate Judge's Recommendation.  No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Watanabe that Defendants' Motion for a More Definite Statement be should denied as Plaintiff's Complaint adequately states action by the defendants that form the basis for his two claims for relief, and he specifically states a prayer for relief.  I also agree that on the basis of Eleventh Amendment immunity, Plaintiff's official capacity claims for damages should be dismissed with prejudice.  However, as stated by Magistrate Judge Watanabe, Plaintiff's entire action should not be dismissed on this ground.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

I further agree that Plaintiff has failed to exhaust his administrative remedies with regard to his claims against Defendant Pettit and such claims should be dismissed without prejudice. As to Plaintiff's claims against Defendant Andrade and his retaliation claims, I agree that those claims should be dismissed without prejudice because Plaintiff first raised those claims in his Step 3 grievance. As to Plaintiff's Due Process claims against Defendant Mathews based on Mathews' actions after November 16, 2006, I agree that they should also be dismissed without prejudice as Plaintiff did not raise these claims within the DOC administrative grievance process. I also agree that summary judgment should be granted as to Defendant Mathews on Plaintiff's Due Process claims in Claim One as the sanctions imposed upon the Plaintiff do not inevitably affect the duration of Plaintiff's confinement or impose an atypical and significant hardship in relation to the ordinary incidents of prison life. Finally, I agree that the mere verbal threats and harassment alleged by Plaintiff are not sufficient to state an Eight Amendment claim. Accordingly, it is hereby

ORDERED that the Recommendation of United States Magistrate Judge dated February 27, 2009, is **AFFIRMED and ADOPTED**. It is

FURTHER ORDERED that Defendants' Motion for a More Definite Statement (docket #32) is **DENIED**. It is

FURTHER ORDERED that Defendants' Motion to Dismiss (docket #32), which upon notice has been converted to a Motion for Summary Judgment is **GRANTED** as follows: it is

FURTHER ORDERED that Plaintiff's Official Capacity Claims for damages are

**DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that Plaintiff's claims against Defendant Pettit are **DISMISSED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that Plaintiff's claims against Defendant Andrade are **DISMISSED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that Plaintiff's claims regarding Defendant Mathews actions after November 16, 2006, which are contained in Claim One are **DISMISSED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that the remainder of the Due Process claim contained in Claim One against Defendant Mathews is **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that the Eighth Amendment claim against Defendant Mathews based on the November 16, 2006 incident is **DISMISSED WITH PREJUDICE**.

Dated: March 26, 2009

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge